**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4807**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

NAKEYO NATRES BURKE,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry M. Herlong, Jr., District
Judge.  (6:05-cr-00815-HMH)

Submitted:  March 25, 2008          Decided:  March 27, 2008

Before MOTZ, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael W. Chesser, Aiken, South Carolina, for Appellant.  Regan
Alexandra Pendleton, Assistant United States Attorney, Greenville,
South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nakeyo Natres Burke pled guilty pursuant to a plea agreement to conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841, 846 (2000), and was sentenced to 151 months in prison. Counsel for Burke has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), alleging that he has found no meritorious issues for appeal but asserting that the district court should not have classified Burke as a career offender pursuant to U.S. Sentencing Guidelines ("USSG") § 4B1.1 (2005). Burke has filed a pro se supplemental brief challenging only the reasonableness of his sentence. The Government has declined to file a responding brief. Finding no error, we affirm the district court's judgment.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for review. After a Fed. R. Crim. P. 11 hearing at which Burke admitted his guilt,[*] the district court adopted the findings contained in the presentence investigation report, considered the 18 U.S.C. § 3553(a) (2000) factors, and sentenced Burke to the low end of a properly calculated guidelines range.

---

[*]Although it was error for the district court not to discuss the particular portions of Burke's plea agreement during the Rule 11 colloquy, and this error was plain, we conclude the error did not affect Burke's substantial rights. See United States v. Olano, 507 U.S. 725, 731-32, 734 (1993); United States v. Hughes, 401 F.3d 540, 547-48 (4th Cir. 2005).

We find that it was not error for the district court to classify Burke as a career offender pursuant to USSG § 4B1.1. Burke had two prior controlled substance offense convictions for conduct that occurred on two separate occasions nearly one year apart, and he was separately sentenced for those convictions nearly six months apart.  In fact, Burke's counsel admits that the arrests did not result from a single criminal investigation.  We find that these offenses were not part of a common scheme or plan.  <u>See</u> USSG § 4B1.1(a) (2005); <u>see also</u> <u>United States v. Breckenridge</u>, 93 F.3d 132, 138-40 (4th Cir. 1996).

Accordingly, we affirm the judgment of the district court.  This court requires that counsel inform Burke in writing of his right to petition the Supreme Court of the United States for further review.  If Burke requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may motion this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Burke.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>